**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MW GESTION, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>1GLOBE CAPITAL LLC, JIAQIANG LI, CHIANG LI FAMILY, JEFF Li, and LINDA LI<br><br>Defendants. | Case No.: 1:22-cv-11315-NMG |

## DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendants 1Globe Capital LLC ("1Globe"), Jiaqiang Li ("Li"), Chiang Li Family, Jeff Li, and Linda Li (collectively "Defendants"), by their undersigned attorneys, respond as follows to the allegations in the Amended Class Action Complaint (Dkt. No. 23) ("Complaint") filed by Plaintiff MW Gestion ("Plaintiff").

Defendants incorporate into each response below a denial of all allegations in the Complaint to the extent they suggest that Plaintiff suffered any damages as a consequence of any challenged conduct of Defendants.

In addition, Defendants object to the section headings and subheadings as argumentative; insofar as those headings and subheadings purport to state allegations, Defendants deny each of them. To the extent that the Complaint references excerpts from documents and third-party publications, Defendants deny any characterization of such documents in the Complaint, which speak for themselves, and further deny that any selective quotation from such document by Plaintiff accurately states or reflects the full contents of such document. Defendants respectfully refer the Court to the original source or document for a complete and accurate statement of the

1

contents referenced therein.  Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph.  Unless redefined in this Answer, capitalized terms used herein have the definitions set forth in the Complaint, but Defendants do not admit that those definitions are proper.  Defendants make this Answer based on their current knowledge, recollection, and information, and Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary.

The Court has dismissed in part the Complaint, such that certain paragraphs no longer require a response.  Dkt. No. 43.  By answering particular paragraphs herein, the Defendants do not concede that such paragraphs remain operative following the dismissal.  With respect to the numbered paragraphs of the Complaint, the Defendants respond as follows:

## I.      INTRODUCTION

1.      To the extent the allegations in Paragraph 1 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 1.

2.      To the extent the allegations in Paragraph 2 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 2.  Defendants admit that 1Globe Capital LLC is a family investment office that is owned by Defendant Li and otherwise deny the allegations in the second sentence of Paragraph 2.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 2.  Defendants deny the allegations in the fourth sentence of Paragraph 2 except to admit that Defendant 1Globe intended to support potential buyers with the highest bid for Sinovac,

2

including Sinobioway's buyout offer of $8.00 per share in 2017.  Defendants deny the allegations in the fifth sentence of Paragraph 2.  Defendants deny the allegations in the sixth sentence of Paragraph 2, except to admit that Sinovac adopted a Rights Agreement on March 28, 2016.

3.    To the extent the allegations in Paragraph 3 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that the U.S. Securities and Exchange Commission ("SEC") issued an order regarding Defendants Li and 1Globe on May 13, 2020 ("SEC Order")—which Defendants Li and 1Globe consented to without admitting or denying the findings therein in connection with a settlement agreement—but deny that the quotations contained in Paragraph 3 accurately state or reflect the full contents of the SEC Order, which speaks for itself.  Defendants admit that Defendants agreed with the SEC when it imposed a $290,000 fine in association with the settlement agreement by Defendants Li and 1Globe.  Defendants deny the remaining allegations in Paragraph 3.

4.    To the extent the allegations in Paragraph 4 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on April 5, 2016, a Schedule 13G disclosing a 16.44% position in Sinovac stock was filed on behalf of 1Globe.  Defendants admit that on April 11, 2016, a Schedule 13G disclosing a 6.08% position in Sinovac stock was filed on behalf of "Chiang Li Family."  To the extent the fourth sentence of Paragraph 4 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 4.

5.    To the extent the allegations in Paragraph 5 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on March 23, 2018, a Schedule 13D disclosing a 16.4% position

3

in Sinovac stock was filed on behalf of 1Globe.  Defendants admit that on April 11, 2016, a Schedule 13G disclosing a 6.08% position in Sinovac stock was filed on behalf of "Chiang Li Family."  Defendants deny the remaining allegations of Paragraph 5.

6.      To the extent the allegations in Paragraph 6 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 6.

7.      To the extent the allegations in Paragraph 7 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 7.

8.      To the extent the allegations in Paragraph 8 relate to claims dismissed by the Court or consist of Plaintiff's characterization of its claims, no answer is required.  To the extent an answer is required, Defendants admit that Plaintiff purports to be a Sinovac shareholder. Defendants deny the allegations in the first and third sentences of Paragraph 8.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 8.

9.      To the extent the allegations in Paragraph 9 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny that the language in Paragraph 9 that quotes from the SEC Order accurately states or reflects the full contents of the SEC Order and further deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 9.

10.      To the extent the allegations in Paragraph 10 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer

is required, Defendants admit that Sinovac adopted a Rights Agreement containing a "poison pill" on March 28, 2016, but deny any characterization of the Rights Agreement, which speaks for itself. Defendants deny the remaining allegations in Paragraph 10.

11.     To the extent the allegations in Paragraph 11 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny that the allegations in Paragraph 11 constitute a true, accurate, or complete description of the Rights Agreement or the SEC Order, which speak for themselves. Defendants deny the remaining allegations in Paragraph 11.

12.     To the extent the allegations in Paragraph 12 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 12.

13.     To the extent the allegations in Paragraph 13 consist of legal conclusions or characterizations of Plaintiff's claims or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Sinovac adopted a Rights Agreement on March 28, 2016, but deny any characterization of the Rights Agreement, which speaks for itself, and otherwise deny the allegations in the first sentence of Paragraph 14.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 14.  Defendants admit that trading in Sinovac stock on the Nasdaq has been halted since February 22, 2019 but

otherwise deny the remaining allegations in the third sentence of Paragraph 14.  Defendants deny the allegations in the fourth sentence of Paragraph 14.

15.    To the extent the allegations in the first sentence of Paragraph 15 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants state that they never intended to control Sinovac and therefore deny the allegations in the first sentence of Paragraph 15.  Defendants admit that Sinovac held its 2017 Annual General Meeting of Shareholders on February 6, 2018 and otherwise deny the allegations in the second sentence of Paragraph 15.  Defendants admit that 1Globe exercised its voting rights as a stockholder of Sinovac to vote for an alternative slate of directors that was nominated by OrbiMed Advisors LLC at the 2017 Annual General Meeting of Shareholders and otherwise deny the allegations in the third sentence of Paragraph 15.  Defendants admit that a majority of votes cast at the meeting were for the alternative slate and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the fourth sentence of Paragraph 15.

16.    To the extent the allegations in the first and third sentences of Paragraph 16 consist of legal conclusions or relate to claims that have been dismissed by the Court, no response is required.  To the extent an answer is required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 16.

17.    To the extent the allegations in Paragraph 17 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit the existence of lawsuits between Sinovac, 1Globe, and other parties in Massachusetts, Delaware, and Antigua.  Defendants admit that in the Delaware Action, Sinovac filed an Opening

Brief in Support of its Motion for Partial Summary Judgment, which was denied by the Court, and deny any characterizations of the Opening Brief or its contents, which speak for themselves. To the extent the third sentence of Paragraph 17 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 17.

18.     The allegations in Paragraph 18 purport to describe the Complaint and no answer is required. To the extent an answer is required, Defendants admit that the Complaint purports to bring a class action. To the extent the allegations in Paragraph 18 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the remaining allegations in Paragraph 18.

## II.     JURISDICTION AND VENUE

19.     The allegations in Paragraph 19 consist of a legal conclusion and relate to claims that have been dismissed by the Court, so no answer is required.

20.     The allegations in Paragraph 20 consist of a legal conclusion and relate to claims that have been dismissed by the Court, so no answer is required.

21.     The allegations in Paragraph 21 consist of a legal conclusion, so no answer is required.

22.     The allegations in Paragraph 22 consist of a legal conclusion or relate to claims that have been dismissed by the Court, so no answer is required.

23.     The allegations in Paragraph 23 consist of a legal conclusion or relate to claims that have been dismissed by the Court, so no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 23.

III.    **PARTIES**

24.    To the extent the allegations in Paragraph 24 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Dkt. Nos. 1-1, 1-2, and 6-3 purport to list Plaintiff's transactions in Sinovac securities.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24.

25.    Defendants admit the allegations in Paragraph 25.

26.    Defendants admit the allegations in Paragraph 26.  The allegations in footnote 1 purport to describe the Complaint and no answer is required.

27.    Defendants admit that "Chiang Li Family" is a name Defendant Li uses to report certain of his holdings earmarked for a similarly-named charity organization and is not a person or entity.  Defendants deny the remaining allegations in Paragraph 27.

28.    Defendants admit the allegations in the first, second, and fifth sentences of Paragraph 28.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 28.

29.    Defendants admit the allegations in the first and second sentences of Paragraph 29. To the extent Paragraph 29 and footnote 2 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.

30.    The allegations in Paragraph 30 purport to describe the Complaint and no answer is required.

IV.    **SUBSTANTIVE ALLEGATIONS**

31.    Defendants admit the allegations in Paragraph 31.

32.     Defendants admit that Sinovac developed a vaccine for COVID-19 called CoronaVac.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32.

33.     To the extent the allegations in Paragraph 33 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 33.

34.     To the extent the allegations in Paragraph 34 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in Paragraph 34 and footnote 3 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.

35.     To the extent the allegations in Paragraph 35 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations of Paragraph 35.

36.     To the extent the allegations in Paragraph 36 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Weidong Yin has been Sinovac's President, CEO, and Chairman since 2003 and that on January 30, 2016, Yin and SAIF Partners IV L.P. submitted a proposal to the Company's Board of Directors to acquire all of Sinovac's outstanding common shares not owned by the bidding group for $6.18 in cash per share.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37.

38.    To the extent the allegations in Paragraph 38 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on February 3, 2016, a consortium of investors including Shandong Sinobioway Biomedicine Co., Ltd. (the "Sinobioway Group") submitted an offer to acquire all of Sinovac's outstanding common shares not owned by the bidding group for $7.00 in cash per share. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 38.

39.    To the extent the allegations in Paragraph 39 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on April 5, 2016, a Schedule 13G disclosing a 16.44% position in Sinovac stock was filed on behalf of 1Globe.  Defendants admit that on April 11, 2016, a Schedule 13G disclosing a 6.08% position in Sinovac stock was filed on behalf of "Chiang Li Family."  Defendants admit that they supported a sale of Sinovac to the highest bidder.  Defendants deny the remaining allegations in Paragraph 39.

40.    To the extent the allegations in Paragraph 40 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 40 and deny the allegations in the second sentence of Paragraph 40.

41.    To the extent the allegations in Paragraph 41 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on March 28, 2016, Sinovac adopted a Rights Agreement containing a so-called "poison pill," but deny any characterization of the Rights Agreement, which speaks for itself.  Defendants

10

admit the Sinovac announced that its Board of Directors adopted the Rights Agreement on March 28, 2016.

42.    To the extent the allegations in Paragraph 42 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Sinovac adopted a Rights Agreement March 28, 2016, but deny any characterization of the Rights Agreement, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 42.

43.    Defendants admit the allegations in the first sentence of Paragraph 43.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the second sentence of Paragraph 43.

44.    To the extent the allegations in Paragraph 44 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 44.

### A.    **Defendants Triggered the Rights Agreement by May 2016**

45.    To the extent the allegations in Paragraph 45 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in the first sentence of Paragraph 45.  To the extent the third sentence of Paragraph 45 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 45.

46.    To the extent the allegations in Paragraph 46 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 46.  To the extent the

third sentence of Paragraph 46 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 46.

47.    To the extent the allegations in Paragraph 47 consist of a legal conclusion or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Sinovac adopted a Rights Agreement March 28, 2016, but deny any characterization of the Rights Agreement, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 47.

48.    To the extent the allegations in Paragraph 48 consist of a legal conclusion or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny those allegations.

49.    Defendants admit that the Rights Agreement contains the quoted language in Paragraph 49 and footnote 4, but deny any characterizations of the document, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 49 and footnote 4.

50.    Defendants admit that the Rights Agreement contains the quoted language in Paragraph 50, but deny any characterizations of the document, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 50.

51.    Defendants admit that the Rights Agreement contains the quoted language in Paragraph 51, but deny any characterizations, including in footnote 5, of the document, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 51 and footnote 5.

52.    To the extent the allegations in Paragraph 52 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in Paragraph 52 contain language quoted from the SEC Order, Defendants deny any

characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 52.

53.     To the extent the allegations in Paragraph 53 consist of a legal conclusion or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and to the extent Paragraph 53 contains quoted language from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 53.

54.     To the extent the allegations in Paragraph 54 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 54.

55.     To the extent the allegations in Paragraph 55 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 55.

56.     To the extent that the allegations in Paragraph 56 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 56. Defendants repeat and re-allege each of their responses to the allegations at ¶¶ 72-75, 77(d), 116, 119 as if fully set forth herein.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

   **B.     Defendants Violated Their Disclosure Obligations under Section 13 of the Exchange Act**

58.    To the extent the allegations in Paragraph 58 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 58.

59.    To the extent the allegations in Paragraph 59 consist of legal conclusions, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 59.

60.    To the extent the allegations in Paragraph 60 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in Paragraph 60 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 60.

61.    To the extent the allegations in Paragraph 61 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in the first sentence of Paragraph 61 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  To the extent the allegations in the second and third sentence of Paragraph 61 consist of Plaintiff's characterizations of Section 13(d)(1) and/or Rule 13d-1(a) and the instructions on the Schedule 13D form issued by the SEC, those legal provisions speak for themselves and no answer is required.  Defendants deny the remaining allegations in Paragraph 61.

62.    To the extent the allegations in Paragraph 62 consist of Plaintiff's characterizations of Section 13(d)(2) and Rule 13d-2(a), those legal provisions speak for themselves and no answer is required.  To the extent an answer is required and the allegations in Paragraph 62 contain

14

language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants admit that on May 9, 2013, a Schedule 13G disclosing a 6.19% position in Sinovac stock was filed on behalf of 1Globe. To the extent the remaining allegations in Paragraph 63 consist of a legal conclusion or Plaintiff's characterization of Schedule 13G or Rule 13d-1(c), which speak for themselves, no answer is required.

64. To the extent the allegations in Paragraph 64 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that on May 8, 2013, a Schedule 13G was filed on behalf of 1Globe and was signed by Defendant Jeff Li with the title "Managing Director." To the extent that the allegations in the second and third sentences of Paragraph 64 contain language quoted from the SEC Order, Defendants deny any characterization of the SEC Order, which speaks for itself.

65. Defendants admit that on April 5, 2016, a Schedule 13G disclosing a 16.44% position in Sinovac stock was filed on behalf of 1Globe and was signed by Linda Li. Defendants deny the remaining allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that on April 11, 2016, a Schedule 13G dated March 31, 2016, which disclosed a 6.08% position in Sinovac common stock, was filed on behalf of "Chiang Li Family." To the extent the allegations in the third sentence of Paragraph 66 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 66.

67.    To the extent the allegations in Paragraph 67 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and Paragraph 67 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 67.

### 1.    Li Acquired Additional Sinovac Stock in His Relatives' Accounts Starting in May 2016

68.    To the extent the allegations in Paragraph 68 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and Paragraph 68 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 68.

69.    To the extent the allegations in Paragraph 69 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in Paragraph 69 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 69 and footnote 6.

70.    To the extent the allegations in Paragraph 70 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in Paragraph 70 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 70.

### 2.    Defendants' Section 13 Violations

71.    To the extent the allegations in Paragraph 71 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on April 5, 2016, a Schedule 13G disclosing a 16.44% position

16

in Sinovac stock was filed on behalf of 1Globe. Defendants admit that on April 11, 2016, a Schedule 13G disclosing a 6.08% position in Sinovac stock was filed on behalf of "Chiang Li Family." To the extent Paragraph 71 paraphrases the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 71.

72. To the extent the allegations in Paragraph 72 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that the April 5, 2016 Schedule 13G filed on behalf of 1Globe contains the quoted language in the second sentence of Paragraph 72, but deny any characterizations of the document, which speaks for itself. To the extent Paragraph 72 paraphrases the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 72.

73. To the extent the allegations in Paragraph 73 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that on April 5, 2016, a Schedule 13G disclosing a 16.44% position in Sinovac stock was filed on behalf of 1Globe. Defendants deny any characterizations of the Schedule 13G, which speaks for itself. To the extent Paragraph 73 paraphrases the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 73.

74. To the extent the allegations in Paragraph 74 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on March 23, 2018, a Schedule 13D disclosing a 16.4% position in Sinovac stock was filed on behalf of 1Globe.  Defendants admit that the March 26, 2018 Schedule 13D contains the quoted language in the second sentence of Paragraph 75, but deny any characterizations of the March 26, 2018 Schedule 13D, which speaks for itself.  To the extent Paragraph 75 paraphrases the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 75.

76.     To the extent the allegations in Paragraph 76 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Jeff Li purchased Sinovac stock as described in the SEC Order. To the extent Paragraph 76 paraphrases the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 76.

77.     To the extent the allegations in Paragraph 77 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in Paragraph 77 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 77.

78.     To the extent the allegations in Paragraph 78 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, and the allegations in Paragraph 78 contain language quoted from the SEC Order, Defendants deny any

characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, and the allegations in Paragraph 79 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 79.

80. To the extent the allegations in Paragraph 80 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Jeff Li purchased Sinovac stock as described in the SEC Order. To the extent Paragraph 80 contains language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 80.

81. To the extent the allegations in Paragraph 81 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 81 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 81.

C. **Defendants Had a Duty to Disclose, and Made Materially False and Misleading Statements Concerning, Li's Holdings of Sinovac Stock**

1. **Defendants Violated Their Disclosure Duties Under Section 13(d) and Rule 13d**

82. To the extent the allegations in Paragraph 82 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 82.

83.     To the extent the allegations in Paragraph 83 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 84.

85.     To the extent the allegations in Paragraph 85 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 85.

86.     To the extent the allegations in Paragraph 86 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 86.

### 2.     Defendants Made Materially False and Misleading Statements Concerning Their Sinovac Stock Holdings

87.     To the extent the allegations in Paragraph 87 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 87.

88.     To the extent the allegations in Paragraph 88 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on April 5, 2016, a Schedule 13G signed by Linda Li and disclosing a 16.44% position in Sinovac stock was filed on behalf of 1Globe.  Defendants admit that the April 5, 2016 Schedule 13G contains the quoted language in Paragraph 88, but deny any characterizations of the April 5, 2016 Schedule 13G, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 88.

20

89.     To the extent the allegations in Paragraph 89 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 89.

90.     To the extent the allegations in Paragraph 90 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on April 11, 2016, a Schedule 13G disclosing a 6.08% position in Sinovac stock was filed on behalf of "Chiang Li Family."  Defendants admit that the April 11, 2016 Schedule 13G contains the quoted language in Paragraph 90, but deny any characterizations of the April 11, 2016 Schedule 13G, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 90.

91.     To the extent the allegations in Paragraph 91 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 91.

92.     To the extent the allegations in Paragraph 92 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on July 7, 2017, a Schedule 13D disclosing a 16.4% position in Sinovac stock was filed on behalf of 1Globe.  Defendants admit that the July 7, 2017 Schedule 13D contains the quoted language in Paragraph 92, but deny any characterizations of the July 7, 2017 Schedule 13D, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 92.

93.     To the extent the allegations in Paragraph 93 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in Paragraph 93.

21

94.     To the extent the allegations in Paragraph 94 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on March 23, 2018, a Schedule 13D disclosing a 16.4% position in Sinovac stock was filed on behalf of 1Globe.  Defendants admit that the March 26, 2018 Schedule 13D contains the quoted language in Paragraph 94, but deny any characterizations of the March 26, 2018 Schedule 13D, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 94.

95.     To the extent the allegations in Paragraph 95 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 95.

**D.     Defendants' Misstatements and Section 13(d) Violations Harmed Plaintiff and the Class**

96.     To the extent the allegations in Paragraph 96 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 96 and otherwise deny the allegations in Paragraph 96.

97.     To the extent the allegations in Paragraph 97 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Rights Agreement contains the quoted language in Paragraph 97, but deny any characterization of the Rights Agreement, which speaks for itself.

98.     To the extent the allegations in Paragraph 98 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants

admit that Rights Agreement contains the quoted language in Paragraph 98, but deny any characterization of the Rights Agreement, which speaks for itself.

99. To the extent the allegations in Paragraph 99 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Rights Agreement contains the quoted language in Paragraph 99 and footnote 7, but deny any characterization of the Rights Agreement, which speaks for itself. Defendants deny the remaining allegations in Paragraph 99 and footnote 7.

100. To the extent the allegations in Paragraph 100 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Rights Agreement contains the quoted language in Paragraph 100, but deny any characterization of the Rights Agreement, which speaks for itself.

101. To the extent the allegations in Paragraph 101 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 101, except to admit that Sinovac purported to announce an Exchange of Rights under the Rights Agreement on February 22, 2019.

102. To the extent the allegations in Paragraph 102 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Rights Agreement contains the quoted language in the third sentence of Paragraph 102, but deny any characterization of the Rights Agreement, which speaks for itself. Defendants deny the remaining allegations in Paragraph 102.

103. To the extent the allegations in Paragraph 103 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Dkt. Nos. 1-1, 1-2, and 6-3 purport to list Plaintiff's transactions in Sinovac securities

and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 103. Defendants admit that Sinovac purported to announce an Exchange of Rights under the Rights Agreement on February 22, 2019. Defendants deny the remaining allegations in Paragraph 103.

104. To the extent the allegations in Paragraph 104 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 104.

**E.    Defendants' Other Deceptive Tactics in the Battle for Control of Sinovac Confirm That They Engaged in a Fraudulent Scheme and Intentionally Misrepresented Their Sinovac Holdings**

105. To the extent the allegations in Paragraph 105 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Sinovac adopted a Rights Agreement on March 28, 2016. Defendants admit that the Yin Group and the Sinobioway Group made competing bids for Sinovac. Defendants deny the remaining allegations in Paragraph 105.

106. To the extent the allegations in Paragraph 106 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 106 and footnote 8.

107. To the extent the allegations in Paragraph 107 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit the allegations in Paragraph 107.

108. To the extent the allegations in Paragraph 108 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that the Sinobioway Group submitted a revised proposal to acquire Sinovac for $8.00 per

share and that Sinovac rejected the offer in October 2017. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 108.

109. To the extent the allegations in Paragraph 109 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that 1Globe exercised its voting rights as a stockholder of Sinovac to vote for an alternative slate of directors at the 2017 Annual Meeting. Defendants deny that 1Globe issued a press release after the Annual Meeting. Defendants admit the allegations in the third sentence of Paragraph 109. Defendants deny the remaining allegations in Paragraph 109.

110. To the extent the allegations in Paragraph 110 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Sinovac issued a press release on March 5, 2018, and that the press release contains the quoted language in the second sentence of Paragraph 110, but deny any characterizations of the document, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 110.

111. To the extent the allegations in Paragraph 111 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that there presently are four lawsuits between Sinovac and 1Globe. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in footnote 9. Defendants deny the remaining allegations in Paragraph 111 and footnote 9.

112. To the extent the allegations in Paragraph 112 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit the allegations in Paragraph 112 and footnote 10.

113.    To the extent the allegations in Paragraph 113 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that in the Delaware Action, Sinovac filed a complaint containing the quoted language in Paragraph 113, but deny any characterizations of the document, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 113.

114.    To the extent the allegations in Paragraph 114 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that 1Globe filed a lawsuit in Antigua captioned *1 Globe Capital, LLC, Claimant, and Sinovac Biotech Ltd.*, Defendant, ANUHCV 2018/0120 (Eastern Caribbean Supreme Court, Antigua and Barbuda) ("Antigua Action").  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 114.

115.    To the extent the allegations in Paragraph 115 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit the allegations in Paragraph 115 and footnote 12.

116.    To the extent the allegations in Paragraph 116 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that in the Delaware Action, Sinovac purported to rely on a transcript of a purported audio recording, which has not been confirmed to be authentic.  Defendants admit that in the Delaware Action, Sinovac filed an Opening Brief in Support of its Motion for Partial Summary Judgment containing the quoted language, but deny any characterizations of the document, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 116.

117.   To the extent the allegations in Paragraph 117 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that in the Delaware Action, Sinovac filed an Opening Brief in Support of its Motion for Partial Summary Judgment containing the quoted language in Paragraph 117, but deny any characterizations of the document, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 117.

118.   To the extent the allegations in Paragraph 118 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that the High Court of Justice of Antigua and Barbuda issued an order on December 19, 2018 and that the order contains the quoted language in Paragraph 118, but deny any characterizations of the order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 118.

119.   To the extent the allegations in Paragraph 119 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that the High Court of Justice of Antigua and Barbuda issued an order on December 19, 2018 and that the order contains the quoted language in Paragraph 119, but deny any characterizations of the order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 119.

120.   To the extent the allegations in Paragraph 120 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in Paragraph 120 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 120.

121.    To the extent the allegations in Paragraph 121 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on February 22, 2019, Sinovac issued a press release and that the press release contains the quoted language in Paragraph 121, but deny any characterizations of the press release, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 121.

122.    To the extent the allegations in Paragraph 122 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on February 22, 2019, Sinovac issued a press release and that the press release contains the quoted language in Paragraph 122, but deny any characterizations of the press release, which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 122.

123.    To the extent the allegations in Paragraph 123 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that the Delaware Chancery Court issued an order on March 6, 2019, which halted Sinovac from implementing Rights Agreement, but deny any characterizations of the order, which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 123.

124.    To the extent the allegations in Paragraph 124 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on March 8, 2019, Sinovac issued a press release and that the press release contains the quoted language in Paragraph 124, but deny any characterizations of the press release, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 124.

28

125.    To the extent the allegations in Paragraph 125 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on April 12, 2019, Sinovac issued a press release and that the press release contains the quoted language in Paragraph 125, but deny any characterizations of the press release, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 125.

126.    To the extent the allegations in Paragraph 126 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit the allegations in Paragraph 126.

127.    To the extent the allegations in Paragraph 127 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit the allegations in the second sentence of Paragraph 127.

128.    To the extent the allegations in Paragraph 128 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on March 19, 2019, a Schedule 13D was filed on behalf of 1Globe and that the Schedule 13D contains the quoted language in Paragraph 129, but deny any characterizations of the Schedule 13D, which speaks for itself.  Defendants admit that 1Globe denies triggering the Rights Agreement in the Delaware, Antigua, and Massachusetts Actions.  Defendants deny the remaining allegations in paragraph 129.

130.    To the extent the allegations in the first and fourth sentences of Paragraph 130 consist of legal conclusions or relate to claims dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 130.

### F.    Defendants Caused Sinovac to Breach the Rights Agreement

131.    To the extent the allegations in Paragraph 131 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 consist of legal conclusions or relate to claims dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 132.

133.    Defendants admit that on April 5, 2016, a Schedule 13G disclosing a 16.44% position in Sinovac stock was filed on behalf of 1Globe and that the Schedule 13G contains the quoted language in the second sentence of Paragraph 133, but deny any characterizations of the Schedule 13G, which speaks for itself.  Defendants admit that on May 8, 2013, a Schedule 13G disclosing a 6.19% position in Sinovac stock was filed on behalf of 1Globe.  Defendants deny the remaining allegations in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134.

135.    To the extent the allegations in Paragraph 135 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135.

136.    To the extent the allegations in Paragraph 136 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136.

137.    To the extent the allegations in Paragraph 137 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137.

138.    To the extent the allegations in Paragraph 138 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that 1Globe was invited to join the Yin Group.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 138.

139.    To the extent the allegations in Paragraph 139 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139.

140.    To the extent the allegations in Paragraph 140 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on April 5, 2016, a Schedule 13G disclosing a 16.44% position in Sinovac stock was

31

filed on behalf of 1Globe.  Defendants admit that on April 11, 2016, a Schedule 13G disclosing a 6.08% position in Sinovac stock was filed on behalf of "Chiang Li Family."  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 140.

141.    To the extent the allegations in Paragraph 141 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on July 7, 2017, a Schedule 13D disclosing a 16.44% position in Sinovac stock was filed on behalf of 1Globe and that the Schedule 13D contains the quoted language in the second sentence of Paragraph 141, but deny any characterization of the Schedule 13D, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142.

143.    To the extent the allegations in Paragraph 143 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that in the Massachusetts Action, Sinovac filed a complaint containing the quoted language in footnote 14, but deny any characterizations of the complaint, which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

in Paragraph 144. To the extent footnote 15 paraphrases the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 144 and footnote 15.

145. To the extent the allegations in Paragraph 145 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Sinovac filed the complaint in the Delaware Action on March 5, 2018 and that the Complaint contains the language quoted in the third sentence of Paragraph 145 and footnote 16, but deny any characterization of the Complaint, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 145.

146. To the extent the allegations in Paragraph 146 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that on June 26, 2018, Sinovac filed a motion for summary judgment in the Delaware Action and that the motion contains the language quoted in the second sentence of Paragraph 146, but deny any characterization of the motion for summary judgment, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 146.

147. To the extent the allegations in Paragraph 147 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that on October 10, 2018, Sinovac filed a Form 6-K with the SEC and that the Form 6-K contains the quoted language in Paragraph 147, but deny any characterizations of the Form 6-K , which speaks for itself. Defendants deny the remaining allegations in Paragraph 147.

148.    To the extent the allegations in Paragraph 148 and footnote 17 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations the first sentence of Paragraph 148.  Defendants deny the allegations in the second sentence of Paragraph 148 and footnote 17.

149.    To the extent the allegations in Paragraph 149 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 149.  Defendants admit that in the Delaware Action, Sinovac filed a complaint containing the quoted language in the second sentence of Paragraph 149, but deny any characterizations of the document, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 149.

150.    To the extent the allegations in Paragraph 150 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that in the Delaware Action, Sinovac filed a complaint containing the quoted language in the first sentence of Paragraph 150, but deny any characterizations of the document, which speaks for itself.  Defendants admit that on May 11, 2018, Sinovac filed an Annual Report with the SEC containing the quoted language in the second sentence of Paragraph 150, but deny any characterization of the Annual Report, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 150.

151.    To the extent the allegations in Paragraph 151 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that 1Globe's appeal to the Privy Council remains pending as of the date of this answer.

Defendants admit the allegations in the third sentence of Paragraph 151 purport to quote from 1Globe's response to Sinovac's motion for summary judgment in the Delaware Action. Defendants deny the remaining allegations in Paragraph 151.

152.   To the extent the allegations in Paragraph 152 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that on March 19, 2019, a Schedule 13D was filed on behalf of 1Globe containing the quoted language in Paragraph 152, but deny any characterizations of the Schedule 13D, which speaks for itself.  Defendants deny that the remaining allegations in Paragraph 152.

153.   To the extent the allegations in Paragraph 153 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 153.

154.   To the extent the allegations in Paragraph 154 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 154.

## V.    NO SAFE HARBOR

155.   To the extent the allegations in Paragraph 155 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 155.

## VI.    ADDITIONAL SCIENTER ALLEGATIONS

156.   To the extent the allegations in Paragraph 156 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 157.

158.    To the extent the allegations in Paragraph 158 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 158 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself, and deny the remaining allegations in Paragraph 158.

159.    To the extent the allegations in Paragraph 159 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 159.

160.    To the extent the allegations in Paragraph 160 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants deny any characterization of the SEC Order, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 160.

161.    To the extent the allegations in Paragraph 161 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that Li had actual knowledge of the Rights Agreement, which was publicly disclosed by Sinovac as an exhibit to a Form 6-K current report filed with the SEC on March 29, 2016. Defendants repeat and re-allege each of their responses to ¶ 106 as if fully set forth herein. Defendants deny the remaining allegations in Paragraph 161.

162.    To the extent the allegations in Paragraph 162 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants

deny any characterization of the SEC Order, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 162.

163.    To the extent the allegations in Paragraph 163 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 163 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 163.

164.    To the extent the allegations in Paragraph 164 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 164 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 164.

165.    To the extent the allegations in Paragraph 165 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 165 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 165.

166.    To the extent the allegations in Paragraph 166 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 166 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 166.

167. To the extent the allegations in Paragraph 167 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 167 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 167.

168. To the extent the allegations in Paragraph 168 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 168 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 168.

169. To the extent the allegations in Paragraph 169 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required and the allegations in Paragraph 169 contain language quoted from the SEC Order, Defendants deny any characterizations of the SEC Order, which speaks for itself. Defendants deny the remaining allegations in Paragraph 169.

170. To the extent the allegations in Paragraph 170 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants admit that in the Delaware Action, Sinovac filed an Opening Brief in Support of its Motion for Partial Summary Judgment containing the quoted language in Paragraph 170, but deny any characterizations of the document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 170.

171. To the extent the allegations in Paragraph 171 relate to claims that have been dismissed by the Court, no answer is required. To the extent an answer is required, Defendants

admit that on December 19, 2018, the High Court of Justice of Antigua and Barbuda issued an order containing the quoted language in Paragraph 171, but deny any characterizations of the order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 171.

172.    To the extent the allegations in Paragraph 172 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 172.

173.    To the extent the allegations in Paragraph 173 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that 1Globe is a private investment company owned solely by Defendant Li and otherwise deny the allegations in Paragraph 173.

174.    To the extent the allegations in Paragraph 174 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 174.

## VII.    LOSS CAUSATION

175.    To the extent the allegations in Paragraph 175 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 176.

177.    To the extent the allegations in Paragraph 177 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required and the allegations in the second sentence of Paragraph 177 contain language quoted from the SEC Order,

Defendants deny any characterizations of the SEC Order, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 177.

178.    To the extent the allegations in Paragraph 178 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 179.

## VIII.    CLASS ACTION ALLEGATIONS

180.    The allegations in Paragraph 180 purport to describe the Complaint and no answer is required.

181.    To the extent the allegations in Paragraph 181 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants admit that Sinovac was a publicly listed company and its shares were traded on the Nasdaq.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 181.

182.    To the extent the allegations in Paragraph 182 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182.

183.    To the extent the allegations in Paragraph 183 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 consist of legal conclusions and no answer is required.

185.    The allegations in Paragraph 185 consist of legal conclusions and no answer is required.

## IX.    APPLICABILITY OF PRESUMPTION OF RELIANCE: *AFFILIATED UTE* AND FRAUD-ON-THE-MARKET PRESUMPTIONS

186.    To the extent the allegations in Paragraph 186 consist of legal conclusions or relate to claims that have been dismissed by the Court, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 purport to describe the Complaint and no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 187.

188.    The allegations in Paragraph 188 consist of legal conclusions and no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 188.

## X.    COUNT I
## (Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b) Promulgated Thereunder Against All Defendants)

189.    The allegations in Paragraph 189 relate to claims that have been dismissed by the Court and do not require a response.

190.    The allegations in Paragraph 190 relate to claims that have been dismissed by the Court and do not require a response.

191.    The allegations in Paragraph 191 relate to claims that have been dismissed by the Court and do not require a response.

192.    The allegations in Paragraph 192 relate to claims that have been dismissed by the Court and do not require a response.

41

193.    The allegations in Paragraph 193 relate to claims that have been dismissed by the Court and do not require a response.

194.    The allegations in Paragraph 194 relate to claims that have been dismissed by the Court and do not require a response.

195.    The allegations in Paragraph 195 relate to claims that have been dismissed by the Court and do not require a response.

196.    The allegations in Paragraph 196 relate to claims that have been dismissed by the Court and do not require a response.

197.    The allegations in Paragraph 197 relate to claims that have been dismissed by the Court and do not require a response.

198.    The allegations in Paragraph 198 relate to claims that have been dismissed by the Court and do not require a response.

199.    The allegations in Paragraph 199 relate to claims that have been dismissed by the Court and do not require a response.

200.    The allegations in Paragraph 200 relate to claims that have been dismissed by the Court and do not require a response.

XI.    **COUNT II**
**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c)**
**Promulgated Thereunder Against All Defendants)**

201.    The allegations in Paragraph 201 relate to claims that have been dismissed by the Court and do not require a response.

202.    The allegations in Paragraph 202 relate to claims that have been dismissed by the Court and do not require a response.

203.    The allegations in Paragraph 203 relate to claims that have been dismissed by the Court and do not require a response.

204.    The allegations in Paragraph 204 relate to claims that have been dismissed by the Court and do not require a response.

205.    The allegations in Paragraph 205 relate to claims that have been dismissed by the Court and do not require a response.

206.    The allegations in Paragraph 206 relate to claims that have been dismissed by the Court and do not require a response.

207.    The allegations in Paragraph 207 relate to claims that have been dismissed by the Court and do not require a response.

208.    The allegations in Paragraph 208 relate to claims that have been dismissed by the Court and do not require a response.

## XII.   COUNT III
### (Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)

209.    The allegations in Paragraph 209 relate to claims that have been dismissed by the Court and do not require a response.

210.    The allegations in Paragraph 210 relate to claims that have been dismissed by the Court and do not require a response.

211.    The allegations in Paragraph 211 relate to claims that have been dismissed by the Court and do not require a response.

212.    The allegations in Paragraph 212 relate to claims that have been dismissed by the Court and do not require a response.

213.    The allegations in Paragraph 213 relate to claims that have been dismissed by the Court and do not require a response.

214.    The allegations in Paragraph 214 relate to claims that have been dismissed by the Court and do not require a response.

## XIII.   COUNT IV
## (Tortious Interference With Contract)

215.   Defendants repeat and re-allege each and every response to the preceding allegations as if fully set forth herein.

216.   The allegations in Paragraph 216 consist of legal conclusions or relate to claims that have been dismissed by the Court and no answer is required.

217.   Defendants admit actual knowledge of the Rights Agreement, which was publicly disclosed by Sinovac as an exhibit to a Form 6-K current report filed with the SEC on March 29, 2016.  Defendants deny the remaining allegations in Paragraph 217.

218.   Defendants deny the allegations in Paragraph 218.

219.   Defendants deny the allegations in Paragraph 219.

220.   Defendants deny the allegations in Paragraph 220.

221.   To the extent the allegations in Paragraph 221 consist of legal conclusions, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 221.

222.   To the extent the allegations in Paragraph 222 consist of legal conclusions, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 222.

223.   To the extent the allegations in Paragraph 223 consist of legal conclusions, no answer is required.  To the extent an answer is required, Defendants deny the allegations of Paragraph 223 constitute a complete and accurate description of reporting obligations.

224.   To the extent the allegations in Paragraph 224 consist of legal conclusions, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 224.

225.    To the extent the allegations in Paragraph 225 consist of legal conclusions, no answer is required.  To the extent an answer is required, Defendants deny the allegations of Paragraph 225.

226.    Defendants deny the allegations of Paragraph 226.

227.    To the extent the allegations in Paragraph 227 consist of legal conclusions, no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 227.

## XIV.  PRAYER FOR RELIEF

Defendants deny each and every allegation not specifically admitted above and deny that Plaintiff is entitled to the relief requested.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a jury trial of all issues triable by jury under applicable law.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof they would not otherwise bear, Defendants assert the following affirmative defenses.  Defendants do not waive any affirmative defenses and reserve the right to assert additional defenses that may be available as new information is learned in discovery and further investigation including, in the event a class is certified, the right to advance additional defenses pertinent to particular class members.  No pleaded affirmative defense constitutes an admission of liability or indicates that Plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the statute of limitations and/or repose.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

45

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint with prejudice, enter judgment in their favor and against Plaintiff, award Defendants attorneys' fees, costs, and expenses, and grant them such further relief as is just and equitable.

Dated: September 18, 2023

Respectfully submitted,

*/s/ Michael G. Bongiorno*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Michael G. Bongiorno (BBO # 558748)
Timothy J. Perla (BBO # 660447)
Peter A. Spaeth (BBO # 545202)
Erika M. Schutzman (BBO # 696241)
Carol Guerrero (BBO # 705419)
60 State Street
Boston, MA 02109
617-526-6000 (t)
617-526-5000 (f)
michael.bongiorno@wilmerhale.com
timothy.perla@wilmerhale.com
peter.spaeth@wilmerhale.com
erika.schutzman@wilmerhale.com
carol.guerrero@wilmerhale.com

*Counsel for Defendants 1Globe Capital LLC, Jiaqiang Li, Chiang Li Family, Jeff Li, and Linda Li*

46