# Exhibit B

**IN THE JUDICIAL COMMITTEE OF THE PRIVY COUNCIL**
**ON APPEAL FROM**
**THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE COURT OF APPEAL**

**JCPC2022/0041 &**
**JCPC2022/0062**

BETWEEN:

**1GLOBE CAPITAL LLC**

**Claimant/Appellant**

**-and-**

**SINOVAC BIOTECH LTD**

**Defendant/Respondent**

_____

**AGREED PRÉCIS**

_____

1. The **AGM Issue**: Did the Court of Appeal err in upholding Smith J's refusal to grant the relief sought by 1Globe to the effect that the Incumbent Directors were removed and the New Directors were elected at the AGM? In particular, did the Court of Appeal err in (a) failing to follow _Betts_; (b) upholding a "_minimum standard of basic fairness_" test where the procedure prescribed by IBCA, ss 71(2), 108 and 109 is "silent as to how one might reconcile online voting in advance of an AGM with the right to move an amendment to a motion at an AGM"; and/or (c) affirming the High Court's reliance on _Kluwak_.

2. The **Permission Issue**: Should the Appellant be granted permission to appeal (insofar as still required) in relation to the Rights Agreement Ground and/or the Discretion Ground. In particular, as regards the Rights Agreement Ground: (a) is it comprised of new arguments which cannot now be raised on appeal; (b) is it time-barred; (c) does it give rise to a point of general public importance; and (d) did the Court of Appeal err in concluding that the appeal does not involve a question respecting property of the requisite value to give rise to an appeal as of right. As regards the Discretion Issue, does it raise (a) a point of general public importance and (b) an arguable point of law? If and to the extent that permission has been or is granted, issues 3 and 4 also arise.

3. The **Rights Agreement Issue**: Did the Court of Appeal err in upholding Smith J's finding that the Rights Agreement was valid as a matter of Antiguan law? In particular, did the Court of Appeal err in (a) failing to disapprove or distinguish _Stena_; or (b) so far as such arguments are available to 1Globe in its appeal, failing to interfere with the Judge's finding that the Rights Agreement is valid under Antiguan law on the basis that: (i) entry into a rights agreement that (it is alleged) has discriminatory effect or may be triggered by the deployment of pre-existing shareholder rights can never be a lawful exercise of directors' powers; (ii) the Rights Agreement was entered into for an improper purpose and contrary to IBCA ss. 60 and 95; (iii) IBCA ss. 161 and 163 prevent directors from entering into such an agreement without shareholder approval; (iv) shareholders' shares were affected by the adoption or implementation of the Rights Agreement; and/or (v) a rebuttal presumption or reverse burden of proof exists and was not rebutted.

4. The **Discretion Issue**: (a) Did the Court of Appeal err in upholding the exercise by Smith J of his discretion under s. 122 IBCA, in particular by taking into account irrelevant factors and/or having regard to all the factors in the case without first determining the issues in dispute? (b) Contingent on the outcome of the AGM issue, if the discretion falls to be exercised again, how should that discretion be exercised (and by whom)? (c) What relief / order (if any) should the Committee now grant?

1

**Exhibit B**
