# EXHIBIT 7

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
MW GESTION,                        )
                                   )
          Plaintiff,               )
                                   )   Civil Action
v.                                 )   No. 1:22-cv-11315-NMG
                                   )   Pages 1 to 23
1GLOBE CAPITAL LLC, et al.,        )
                                   )
          Defendants.              )
                                   )


BEFORE THE HONORABLE NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE


MOTION HEARING


December 6, 2023
11:07 a.m.


John J. Moakley United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210


Linda Walsh, RPR, CRR
Official Court Reporter
John J. Moakley United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210
lwalshsteno@gmail.com

APPEARANCES:

On Behalf of the Plaintiff:

    POMERANTZ LLP
    By: Michael Grunfeld, Esq.
    600 Third Avenue, 20th Floor
    New York, New York 10016
    212-661-1100
    mgrunfeld@pomlaw.com


On Behalf of the Defendants:

    WILMER CUTLER PICKERING HALE AND DORR LLP
    By: Timothy J. Perla, Esq.
        Andrew R. Jumper, Esq.
        Erika M. Schutzman, Esq.
    60 State Street
    Boston, Massachusetts 02109
    617-526-6696
    timothy.perla@wilmerhale.com

    WILMER CUTLER PICKERING HALE AND DORR LLP
    By: Michael G. Bongiorno, Esq.
    7 World Trade Center, 250 Greenwich Street
    New York, New York 10007
    212-937-7220
    michael.bongiorno@wilmerhale.com

                Proceedings reported and produced
                 by computer-aided stenography.

P R O C E E D I N G S

THE CLERK:  All rise.

Thank you.  You may be seated.

This is Civil Action number 22-11315, MW Gestion versus 1Globe Capital LLC, et al.

Will counsel please identify themselves for the record.

MR. GRUNFELD:  Michael Grunfeld from Pomerantz on behalf of the plaintiff, MW Gestion.

THE COURT:  Mr. Grunfeld, good morning.

MR. GRUNFELD:  Good morning, Your Honor.

MR. PERLA:  Good morning, Your Honor.  Timothy Perla from Wilmer Hale for the defense.  With me are Michael Bongiorno, Erika Schutzman, and Andrew Jumper.

THE COURT:  Mr. Perla, good morning to you.  And is it Mr. Bongiorno?

MR. BONGIORNO:  Yes, Your Honor.

THE COURT:  And Mr. Jumper.

MR. JUMPER:  Yes, Your Honor.

THE COURT:  And Ms. Shutzman.

MS. SHUTZMAN:  Yes.  Good morning.

THE COURT:  Good morning to you all.  All right.

Please be seated.

We're here on the defendants' motion to stay this action.  And counsel have submitted actually two briefs each,

and I have also read the attached opinion of the Delaware Chancery back in July of 2018, believe it or not.  Five and a half years ago they stayed the Delaware case.  So I am familiar with your positions.

I'm going to give each side about ten minutes to supplement their particular arguments.  I have some questions that I would like you to address.  You don't have to address them now.  But before we leave you will -- I will give each side a brief rebuttal chance.

So my questions are if the Privy Council holds that the rights agreement is invalid as a matter of Antiguan law, does that necessarily render the rights agreement unenforceable even though it is governed by Delaware law?  And would your estimate be Chancery Court deferred to such a decision?

Second question would be, why should this Court expect the Privy Council to rule differently than the Antiguan courts below on the issue of validity of the 2018 directors or corporate election, and what, if anything, has happened in the Delaware Chancery case since July of 2018; that is, the Sinovac/1Globe action, not the class action?

The question for the defendants only is on what basis the defendant believes that the Privy Council will render a decision in the calendar year of 2024?

So defendant is the moving party, so I'll hear from the defendants first.  Will it be Mr. Perla or Mr. Bongiorno?

MR. PERLA:  It will, Your Honor.

THE COURT:  Mr. Perla.

MR. PERLA:  Thank you very much.  I'm going to answer the Court's question as part of the presentation that I'll make and keep it brief, recognizing that the Court has already read the submissions.

THE COURT:  Sure.

MR. PERLA:  My core point is quite simple, and it comes in three parts:  The viability of the rights agreement matters for this case because the existence of a contract is needed for tortious interference.  The validity of the rights agreement is at issue in Antiguan and Delaware, and so our position is that it makes sense to stay this case as a result.

Let me walk through that logic and answer your questions along the way.  I'll start with the easy part.  On the law I think it's probably undisputed that we need a valid contract in order to have a tortious interference with contract claim.  That's right in the motion to dismiss order.  I don't believe the plaintiff is disputing that.  I also believe it's undisputed that the complaint in this case cites the rights agreement as the one and only contract that's at issue.  So that logically tells me that we need to know whether or not the rights agreement is a valid contract in order to have a tortious interference claim.

So let me turn to the procedural posture in

MR. PERLA:  My apologies.  I was looking over to actually try to project to the reporter, but I apologize for that.

THE COURT:  No, no.  You don't have to apologize for that.  They looked at you when you were my law clerk.

MR. PERLA:  I remember sitting in their chair, but if memory serves me, we were down the hall.  Apologies, Your Honor.

Back to my point, the efficiency of staying this case, we would otherwise be embarking on something that Antigua is already adjudicating and we would be doing it as a matter of foreign law.  There would be foreign law experts.  We would need to take discovery from Sinovac and perhaps its officers concerning the adoption of the rights agreement.  These are things Antigua is already doing.  We should wait to see what happens.

The other problem with proceeding now is conflicting rulings.  What happens if this Court and say the court in Antigua reach opposite conclusions about the validity of the rights agreement?  Obviously conflicting rulings are never a good thing, but it would be particularly a difficult, practical problem here because there are public shareholders throughout the world for Sinovac that are waiting to see whether the rights agreement is valid and whether or not they receive exchange shares under it.

So what happens if two courts made opposite rulings? I don't know the answer to that, but I know how to avoid the problem, and we avoid the problem by simply staying this case. So Your Honor --

THE COURT:  The last question is what knowledge do you have of the Privy Council?  The only experience I've had involves an extradition in Hong Kong that took the Privy Council two years, at least, it might have been two and a half.

MR. PERLA:  So, Your Honor, the only information I have, as I indicated in the briefing, is that I am informed by counsel for 1Globe that is handling that matter that they expect adjudication to conclude in 2024.

THE COURT:  And what is his expectation based upon?

MR. PERLA:  Experience in that court.

THE COURT:  In London?  Is that where it is?

MR. PERLA:  I have to confess, I don't know the geographic location off the top of my head.

THE COURT:  It's a U.K. higher court.

MR. PERLA:  It is.

THE COURT:  I presume it's in London.

MR. PERLA:  That may well be true, Your Honor, but you're correct about the court.

THE COURT:  All right.  Thank you, Mr. Perla.  I'll hear from Mr. Grunfeld.

MR. PERLA:  Thank you, Your Honor.

CERTIFICATE OF OFFICIAL REPORTER


I, Linda Walsh, Registered Professional Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter, to the best of my skill and ability.

Dated this 7th day of December, 2023.



/s/ Linda Walsh

Linda Walsh, RPR, CRR

Official Court Reporter