# EXHIBIT A

EFiled:  Mar 05 2018 09:25AM EST
Transaction ID 61754527
Case No. 2018-143-

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

SINOVAC BIOTECH LTD.,                              )
                                                   )
            Plaintiffs                             )
                                                   )
      v.                                           )
                                                   )
1GLOBE CAPITAL, LLC, a Delaware                    )
limited liability company, ORBIMED                 )
ADVISORS LLC, a Delaware limited                   )
liability company, DIAO JINGSHA,                   )     C.A. No. 2018-_____
ZHANG YUE, ZONGHAI HU, FENG                        )
LIU, HOU BO, ZHENG ZHIHUI and                      )
CHIANGJIA LI,                                      )
                                                   )
            Defendants.                            )

## VERIFIED COMPLAINT

Plaintiff Sinovac Biotech Ltd., by and through its undersigned counsel, alleges for its Verified Complaint against Defendants 1Globe Capital, LLC, OrbiMed Advisors LLC, Diao Jingsha, Zhang Yue, Zonghai Hu, Feng Liu, Hou Bo, Zheng Zhihui and Chiangjia Li (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff Sinovac Biotech Ltd. ("Plaintiff" or the "Company") brings this action for declaratory and injunctive relief regarding the Company's Rights Agreement dated as of March 28, 2016 (the "Rights Agreement"). Specifically, there is uncertainty whether Defendants' concerted and secret plan to form a control group without approval from the Company's board triggered the Rights Agreement.  At the Company's annual meeting held on February 6, 2018,

the Defendants acted together to attempt to elect a previously unannounced new board of directors. This would appear to mean Defendants entered into an "agreement, arrangement or understanding" with respect to voting over 15% of the Company's stock, and in turn triggering the Company's Rights Agreement.

2. Under the terms of the Company's Rights Agreement, which is to be construed in accordance with and governed by Delaware law, when stockholders have an agreement, arrangement or understanding to act together for purposes of voting common stock, each stockholder party to such agreement, arrangement or understanding is deemed to Beneficially Own all of the shares subject to the such agreement, arrangement or understanding. When a stockholder is deemed to Beneficially Own greater than 15% of the outstanding shares of common stock, that stockholder becomes an Acquiring Person under the Rights Agreement, thus causing a Trigger Event. Capitalized terms used but not defined have the meanings given them in the Rights Agreement, a copy of which is attached as Exhibit A.

3. Defendants' actions leading up to and in connection with the Company's annual meeting create uncertainty with respect to the rights and obligations of the Company and its stockholders regarding whether Defendants became Acquiring Persons under the terms of the Company's Rights Agreement,

2

and thus, a Trigger Event occurred.  Plaintiff anticipates Defendants will dispute that their actions caused a Trigger Event under the Rights Agreement.

4.  Accordingly, Plaintiff brings this action seeking a judicial declaration under Delaware law whether Defendants became "Acquiring Persons" under the terms of the Rights Agreement on or before February 6, 2018, and a Trigger Event has occurred.  In addition, to prevent Defendants from taking further action to undermine the voting and other rights of stockholders generally and the Company's capital structure, which are fundamentally affected by whether or not the Rights Agreement has been triggered – Plaintiff seeks injunctive relief to prevent Defendants from taking actions that would prevent this Court from having an opportunity to consider and rule upon the dispute concerning the Rights Agreement or that would undermine the effect of a determination that Defendants should be treated as an Acquiring Person.

## THE PARTIES

5.  Plaintiff Sinovac Biotech, Ltd. is a company incorporated under the laws of Antigua and Barbuda.  Plaintiff is a leading provider of biopharmaceutical products in China.  The Company is subject to the requirements of the Securities Act of 1933, as amended, and the Securities Exchange Act of 1934, as amended (the "Exchange Act"), applicable to a "foreign private issuer", and its shares are traded on the Nasdaq Select Global Market.

6. Defendant 1Globe Capital, LLC ("1Globe") is a Delaware limited liability company organized and existing under the laws of Delaware. 1Globe is the Company's largest stockholder, purporting to be the beneficial owner of 9,353,092 shares of the Company's common stock (the "common stock"), representing approximately 16.4% of the outstanding common stock. 1Globe filed a Schedule 13D with the United States Securities and Exchange Commission (the "SEC") on July 1, 2017, stating that the purpose of its acquisition of Company shares was investment. That Schedule 13D has not been updated or changed.

7. OrbiMed Advisors LLC ("OrbiMed") is a Delaware limited liability company organized and existing under the laws of Delaware. Defendant OrbiMed purports to be the beneficial owner of 2,721,500 shares of common stock, representing approximately 4.7% of the outstanding common stock.

8. Defendant Diao Jingsha purports to be the beneficial owner of approximately 2,800,000 shares of common stock, representing approximately 4.9% of the outstanding common stock.

9. Defendant Zhang Yue purports to be the beneficial owner of approximately 825,000 shares of common stock, representing approximately 1.5% of the outstanding common stock.

10. Defendant Zonghai Hu purports to be the beneficial owner of 2,849,991 shares of common stock, representing approximately 5.0% of the outstanding common stock.

11. Defendant Feng Liu purports to be the beneficial owner of 2,006,788 shares of common stock, representing approximately 3.5% of the outstanding common stock.

12. Defendant Hou Bo purports to be the beneficial owner of approximately 968,325 shares of common stock, representing approximately 1.7% of the outstanding common stock.

13. Defendant Zheng Zhihui purports to be the beneficial owner of 968,325 shares of common stock, representing approximately 1.7% of the outstanding common stock.

14. Defendant Chiangjia Li purports to be, along with other family members ("Chiang Li Family"), the beneficial owner of 3,461,763 shares of common stock, representing approximately 6.1% of the outstanding common stock. The Chiang Li Family filed a Schedule 13G with the SEC on March 31, 2016 as a passive investor. That Schedule 13G has not been updated or changed.

15. Non-party Pacific Stock Transfer Company, a Nevada corporation, serves as the rights agent with respect to the Company's Rights Agreement.

5

# FACTUAL BACKGROUND

16. The Company has a five member board of directors. Dr. Weidong Yin has served as a director, chairman, president and chief executive officer of the Company since September 2003. Mr. Kenneth Lee has served as a director of the Company since May 2011. Mr. Simon Anderson has served as a director of the Company since July 2004. Mr. Yuk Lam Lo has served as a director of the Company since March 2006. Mr. Mei Meng has served as a director of the Company since March 2012.

17. On December 28, 2017, the Company noticed the 2017 annual meeting of stockholders (the "Annual Meeting"), which was held on February 6, 2018 at 9:00 A.M. Beijing time, at No. 39 Shangdi Xi Road, Haidian District, Beijing 100085, People's Republic of China, and at the corresponding time in Antigua at No. 6 Temple Street, St. John's, Antigua.

18. Among other things, at the Annual Meeting the stockholders were asked to approve the re-election of the five member board: Dr. Yin and Messrs. Lee, Anderson, Lo and Meng.

19. Prior to the Annual Meeting, the Company solicited proxies from the stockholders to approve each of the matters to be submitted for approval at the Annual Meeting.

20.     Without any prior notice to the Company or the Company's other stockholders, any public announcement, or any filing with the SEC (including under Schedule 13D), Defendants appeared at the Annual Meeting in person and through proxies and purported to act in concert to vote their shares in favor of an alternative slate of directors.

21.     Specifically, Defendants submitted ballots and proxies in favor of an alternative slate of nominees for election as directors composed of Yuk Lam Lo, Guowei Wang, Jianzeng Cao, Hoi Fung Qiu and Pengfei Li.  Prior to the Annual Meeting, Defendants did not notify the Company or publicly disclose that they intended to nominate an alternative slate of directors or were soliciting proxies in favor of an alternative slate of directors.

22.     Defendants appear to have secretly communicated and collaborated in advance of the Annual Meeting to develop an alternative slate of nominees for election as directors, coordinated with one another to obtain proxies and ballots to effectuate their plan, and thereafter consummated the plan at the Annual Meeting without issuing any prior public statements, making any required filings with the SEC, or giving any prior notice to the Company or its stockholders.

23.     The actions taken by Defendants appear to have been pursuant to an agreement, arrangement or understanding among Defendants (reached prior to the Annual Meeting) to vote their shares in favor of an alternative slate.

24. Prior to the Annual Meeting, neither 1Globe nor the Chiang Li Family made any filing with the SEC to indicate that they had developed an intent to seek to influence control of the Company. 1Globe violated the Federal securities laws by failing to amend its Schedule 13D to disclose that it had changed the purpose of its acquisition of Company shares from investment to seeking to influence control of the Company. The Chiang Li Family violated the Federal securities laws by failing to file a Schedule 13D within 10 days of developing an intent to seek to influence control of the Company. The remaining Defendants party to the agreement, arrangement or understanding with 1Globe and the Chiang Li Family violated the Federal securities laws by failing to file a Schedule 13D within 10 days to disclose their participation in the group with 1Globe and The Chiang Li Family.

25. Indeed, none of the Defendants made any public statement with respect to their coordinated plan to take control of the board or even to disclose that an alternative board slate existed.

26. After the meeting on February 6, 2018, Defendants issued a press release claiming, among other things, that their alternative slate of directors was elected to the Board.

27.     The Rights Agreement was adopted by the Company's Board on March 28, 2016.

28.     The Rights Agreement provides in Section 32 that it, and each Right Certificate issued thereunder, shall be deemed to be a contract made under the internal laws of the State of Delaware and for all purposes shall be governed by and construed in accordance with the laws of such State applicable to contracts to be made and performed entirely within such State.

29.     In connection with the Rights Agreement, the Board declared a dividend on each outstanding share of common stock at the close of business on April 8, 2016, of one right (a "Right") entitling the holder to purchase or receive additional shares of Company stock under certain circumstances.

30.     Generally, the Rights become exercisable if any stockholder acquires Beneficial Ownership (as defined below) of more than 15% of the outstanding shares of common stock, thus becoming an "Acquiring Person" under Section 1.1 of the Rights Agreement.

31.     Pursuant to the terms of the Rights Agreement, a person is deemed a Beneficial Owner of shares which, among other things,

     a.    such person, directly or indirectly, through any contract, arrangement, understanding, relationship or otherwise has or shares voting power (except that a person is not deemed the Beneficial Owner of any security if such

voting power arises solely from a revocable proxy given to such person in response to public proxy solicitation made pursuant to, and in accordance with, Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by means of a solicitation statement filed on Schedule 14A) or

b. are Beneficially Owned, directly or indirectly, by any other person with whom such person has an ***agreement, arrangement or understanding to act together for the purpose of voting*** any securities of the Company (except that a person is not deemed the Beneficial Owner of any security if such voting power arises solely from a revocable proxy given to such person in response to public proxy solicitation made pursuant to, and in accordance with, Section 14(a) of the Exchange Act by means of a solicitation statement filed on Schedule 14A). See Rights Agreement, Section 1.3.1 and 1.3.3.

32. Thus, under the express terms of the Rights Agreement, if stockholders have an ***agreement, arrangement or understanding*** to act together for the ***purpose of voting shares*** of common stock, each stockholder party to such agreement, arrangement or understanding is deemed to Beneficially Own all of the shares subject to such agreement, arrangement or understanding.

33. When a stockholder becomes an Acquiring Person, a "Trigger Event" is deemed to have occurred pursuant to Section 1.15 of the Rights Agreement.

34. Upon a Trigger Event, the Acquiring Person's Rights become void. The holders of Rights other than the Acquiring Person have the right to acquire, upon exercise thereof, a number of shares of common stock having a

10

market value of two times the then current Purchase Price of the Right (a "flip-in"). In lieu of a flip-in, at any time after a Trigger Event, the Board may simply deliver one new share of common stock in exchange for every then outstanding and exercisable Right not held by an Acquiring Person (an "exchange").

35. The Rights become exercisable on the "Distribution Date," which, in relevant part, occurs on the close of business on the tenth Business Day after a Share Acquisition Date. In turn, the "Share Acquisition Date" means the first date of public announcement by the Company or the Acquiring Person that the Acquiring Person has become such or that discloses information revealing the existence of an Acquiring Person, or such earlier date as a majority of the Board shall become aware of the existence of an Acquiring Person.

36. Defendants' actions in connection with the Annual Meeting may have caused them to become "Acquiring Persons" under the terms of the Rights Agreement. Specifically, Defendants appear to have reached an agreement, arrangement or understanding to act together to vote in excess of 15% of the outstanding shares of common stock in favor of the alternative slate of nominees at the Annual Meeting.

37. Plaintiff anticipates that Defendants will dispute that they are Acquiring Persons and that a Trigger Event has occurred.

**COUNT I**
**(Declaratory Relief Regarding Terms of the Rights Agreement)**

38. Plaintiff repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

39. The Court has the authority to issue declaratory relief pursuant to 10 *Del. C. §§* 6501-6505.

40. Upon information and belief, there is a ripe dispute between the parties as to whether Defendants became Acquiring Persons under the terms of the Rights Agreement, and thus, a Triggering Event has occurred.

41. According to its express terms, the Rights Agreement is to be construed in accordance with and governed by Delaware law.

42. Thus, Plaintiff is entitled to an Order of this Court declaring under Delaware law whether Defendants became Acquiring Persons under the Rights Agreement on or before February 6, 2018, and thus, a Trigger Event has occurred.

43. Plaintiff has no adequate remedy at law.

**COUNT II**
**(Injunctive Relief)**

44. Plaintiff repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

45. Plaintiff reasonably believes that Defendants may attempt to take actions to prevent this Court from having an opportunity to consider and decide whether Defendants became Acquiring Persons under the Rights Agreement and a Trigger Event has occurred or to undermine the effect of Defendants becoming Acquiring Persons (including by selling shares of common stock in the market).

46. The Company and all of its stockholders are threatened with irreparable harm if the Court is unable to resolve the ripe dispute concerning the Rights Agreement.

47. Accordingly, Plaintiff is entitled to an Order enjoining Defendants, their agents and representatives, and all other persons acting in concert with them from taking any actions that would prevent this Court having an opportunity to consider and rule upon the ripe dispute concerning the Rights Agreement or would undermine the effect of Defendants' becoming Acquiring Persons.

48. Plaintiff has no adequate remedy at law.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests an Order:

A. Declaring whether Defendants became Acquiring Persons under the Rights Agreement on or before February 6, 2018;

B.    Declaring whether a Trigger Event has occurred under the Rights Agreement;

C.    Enjoining Defendants, their agents and representatives, and all other persons acting in concert with them from taking any actions that would prevent this Court from having an opportunity to consider and rule upon the ripe dispute concerning the Rights Agreement or would undermine the effect of Defendants becoming Acquiring Persons;

D.    Awarding to Plaintiff its costs, including attorneys' fees, incurred in bringing this action; and

E.    Granting such other and further relief as the Court may deem appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/  Kevin M. Coen*
David J. Teklits (#3221)
Kevin M. Coen (#4775)
Coleen W. Hill (#6287)
1201 N. Market Street
Wilmington, DE  19801
(302) 658-9200
*Attorneys for Plaintiff*

OF COUNSEL:

LATHAM & WATKINS LLP
J. Christian Word
Sarah A. Tomkowiak
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304

March 5, 2018